(No. 97-CC-1359– )

EDWARD ANTHONY ZANGHI, Claimant, *v.* THE STATE OF ILLINOIS, DEPARTMENT OF CORRECTIONS, Respondent.

*Opinion filed December 4, 1998.*

EDWARD ANTHONY ZANGHI, *pro se.*

JIM RYAN, Attorney General (MICHAEL ROCKS, Assistant Attorney General, of counsel), for Respondent.

## OPINION

EPSTEIN, J.

This claim is before the Court for final decision after trial before our Commissioner. Claimant Edward Anthony Zanghi's complaint against the Department of Corrections ("IDOC") seeks reimbursement, as an IDOC employee, for damage to his personal property allegedly suffered in the line of duty, in the amount of $185.

Trial was held December 18, 1997. Claimant appeared and testified that on June 20, 1996, he was employed by IDOC as a parole officer. Claimant asserts that he was acting pursuant to his employment at all times material. Mr. Zanghi testified that he parked his State vehicle outside the IDOC's Special Intensive Supervision Unit within view of the facility's security cameras, and that sometime between 7:20 and 8:20 a.m. an unknown person broke the vehicle's window and stole his personal property which he identified and valued as follows:

| | |
|---|---|
| Nylon Suitcase | $ 35 |
| Calculator | $ 15 |
| Rolodex-electronic diary & memory pad | $ 65 |
| Flashlight | $ 10 |
| Personal Pager | $ 35 |
| Stationery supplies, Cross pen set | $ 25 |
| Total Value | $185 |

Claimant filed a claim with the IDOC Claims Committee, which denied his claim for failure to establish that the theft was the direct act of an inmate.

At the hearing, Claimant Zanghi cited the union contract between IDOC and its parole agents, particularly article XXV, section 5, which provides as follows:

"Section 5. Damage to Personal Property

In accordance with the current agency practices and the amounts provided for thereunder, Employees shall be reimbursed for the cost of any personal property destroyed or damaged in the line of duty. The Employer will also endeavor to provide a secure place for storing wearing apparel.

Upon request, agency labor/management meetings may review the establishment or revision of conditions for reimbursing employee claims deriving from damages to or destruction of personal property articles by the direct action of residents or clients against the person of the employee, including time limits for reporting and rates of reimbursement."

The union contract and the administrative directive 01.02.122 referred to in the Department Claims Committee proceedings refer specifically to the reimbursement for loss or damages deriving from the direct action of residents or clients. Although it is arguable that the language of the union contract, standing alone, might be susceptible to a broader reading, it is difficult to perceive a clear application of the contract language, "destr[uction] or damage[] in the line of duty," to encompass any loss suffered by an IDOC employee merely because he or she was on duty at the time. Even without the referenced "agency practices," it is apparent that "in the line of duty" refers to the event that caused the property loss or damage.

There is simply no evidence in this case that any loss or damage to the Claimant's property was suffered "in the line of duty." In this case the offender was, and is, unknown, as are the circumstances of the theft or loss itself. Moreover, although the Claimant may well have been "on duty" at the time, the incident took place outside the institution which makes it at least unlikely that the loss occurred "in the line of duty" or that a resident or client was the perpetrator as IDOC maintains to be necessary.

Claimant contends that the IDOC had a video surveillance camera which would have taped the incident and the offender had it been working on the day of the

theft. However, the Claimant failed to establish that IDOC had a legal duty to protect Claimant's personal property in a parked vehicle, or anywhere else, outside of a State facility. The camera is irrelevant.

On the evidence presented, this Claimant has failed to prove any claim against IDOC, and accordingly, this claim must be denied. For the reasons set forth above, it is hereby ordered: this claim is denied, and forever barred.